LEVI MOORE, Appellant, *v.* ISAAC MILLER AND THE METRO-
POLITAN NATIONAL BANK, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MARCH, 1872.)

The owner of a certificate of indebtedness to him for $10,000 by the
State made a written transfer upon the certificate of " the within
described amount, say $10,000." *Held*, that he could not recover posses-
sion of the certificate from the assignee of his transferee upon the
ground that the latter had agreed to return it in certain contingencies
which had occurred, and of fraudulent representations in obtaining the
transfer, the assignee having no actual knowledge of the agreement or
fraud.

The case of *McNeil* v. *Tenth National Bank* (46 N. Y., 325) held applica
ble and followed.

THIS was an appeal by the plaintiff from a judgment entered
upon a verdict of a jury.

The plaintiff brought this action against one Isaac Miller
and The Metropolitan National Bank, respondents, to reco-
ver possession of a certificate of indebtedness of the State of
New York for $10,000, issued prior to October 31, 1867, the
property of the plaintiff, which the plaintiff alleged he was
induced, by false representations of Miller, to transfer to him
upon a parol agreement between plaintiff and Miller that it
should be cashed within three weeks, and if not cashed within
three weeks should be returned to plaintiff, and that plaintiff
would thereupon return to Miller his, Miller's, check for
$3,000, and two notes of one Williams, indorsed by Miller,
which plaintiff received from Miller at the time of the
transfer.

The said certificate was in the following form :

## CERTIFICATE OF INDEBTEDNESS.

### NEW CAPITOL—LAWS OF 1868, CHAPTER 830.

The New Capitol Commissioners, in pursuance of the
authority in them vested by chapter 830 of the Laws of the
State of New York, passed May 19th, 1868, have taken, as a
part of the additional land authorized to be taken by the

Moore *v.* Miller.

said act for the purposes of the new Capitol and the public use declared in said act, all and singular the premises known and described as follows, to wit: A lot at the corner of State and Hawk streets, in the ninth ward of the city of Albany, and State of New York, and known as No. 185 State street; extending $24\frac{40}{100}$ feet on State street, and $54\frac{10}{100}$ feet on Hawk street, and also a smaller lot adjoining on the northerly side thereof extending $18\frac{90}{100}$ feet on Hawk street, and extending northerly $24\frac{40}{100}$ feet to the northerly line of said lot No. 185, together bounded, northerly, by a lot of William H. De Witt; easterly by Hawk street; southerly by State street; and westerly by a lot of Chauncey P. Williams; and not having been able to agree with the owner of said premises for the purchase thereof, a writ of inquiry of damages was issued and executed pursuant to the provisions of article 4, title 2, chapter 9, of the third part of the Revised Statutes, and by such inquisition it was found that Levi Moore is the owner of said premises, and that the said Levi Moore will sustain damages, by reason of being deprived of said premises, to the amount of twenty thousand dollars, which sum should be paid to the said Levi Moore, therefor, by the people of this State. It is therefore hereby certified that the State of New York is justly indebted to the said Levi Moore in the said sum of ten thousand dollars, lawful money, for the purchase-price of the said premises, to be paid with interest from date, at the rate of six per cent per annum, this certificate representing one-half the amount awarded as damages to said Levi Moore for said property.

In witness whereof the said commissioners have executed their certificate, this 1st day of October, A. D. 1868.

By order of the board.

HAMILTON HARRIS,
*Chairman.*

Jas. Terwilliger, *Secretary.*

This certificate the plaintiff transferred to the said Miller, on the 31st day of October, 1868, in the following form:

$10,000.

For value received, I hereby transfer, assign and set over to Isaac Miller the within described amount, say ten thou·sand dollars.

LEVI MOORE.

ALBANY, *Oct.* 31, 1868.

Afterward, and on the 23d November, 1868, the said Miller transferred the said certificate to the defendant, "The Metropolitan National Bank," by a transfer in the following form:

For value received, I hereby transfer, assign and set over to The Metropolitan Nat. Bank, N. Y., the within described amount, say ten thousand dollars.

ISAAC MILLER.

NEW YORK, *Nov.* 23, 1868.

$149 59
10,000 00
_____
$10,149 59
=======

NEW YORK, *Nov.* 23, 1868.

After issue joined, and before the trial, at a Special Term of the Supreme Court, the following issues of fact were settled, to be tried by the jury:

1st. Did the defendant Miller obtain the possession of the certificate mentioned in the complaint by false pretence, as charged in the amended complaint?

2d. Did the plaintiff deliver possession of said certificate under an agreement that, in case said certificate was not cashed within three weeks, the defendant Miller should return the same, and the assignment thereof, to the plaintiff, and take up the check and notes as charged in the amended complaint?

3d. Did the title to the certificate remain in the plaintiff after the possession thereof was delivered to the defendant Miller, by the agreement or understanding of the parties?

Moore *v.* Miller.

4th. Was the said certificate absolutely and unconditionally assigned by plaintiff to defendant Miller, with intent that the title thereto should be vested in said Miller?

5th. Was the certificate transferred to The Metropolitan National Bank more than three weeks after the possession thereof was obtained by the defendant Miller?

6th. Did The Metropolitan National Bank, the defendant, become the purchaser of said certificate in good faith, and without notice, as claimed in the answer of the said bank?

7th. If you find for the plaintiffs, do you find against both defendants?

8th. If you find against only one defendant, which one?

On the trial the plaintiff gave evidence tending to prove the allegations in the complaint to be true, viz.: that Miller was to try to get the certificate cashed, and if he failed in that within three weeks, that he, Miller, was to return the certificate to the plaintiff, which he failed to do; and also that his (Miller's) representations, as to his responsibility and ownership of property, made at the time of the transfer, were false, and that he was at the time insolvent.   The plaintiff took at the time of the transaction the following papers:

$2,000 00.                              ALBANY, *Oct.* 31, 1868.

Three months after date, I promise to pay, to the order of Isaac Miller, two thousand dollars, at The First National Bank of Albany, value received, with interest.

{ U. S. Int. Rev. Stamp. }
{ $1.   Canceled.        }     JOSIAH S. WILLIAMS.

(Indorsed, Isaac Miller, Clyde, N. Y.   Isaac Miller, V. P.)

$5,000 00.                              ALBANY, *Oct.* 31, 1868.

Six months after date, I promise to pay, to the order of Isaac Miller, five thousand dollars, at The First National Bank of Albany, value received, with interest.

{ U. S. Int. Rev. Stamp. }
{ $2 50.   Canceled.     }     JOSIAH S. WILLIAMS.

(Indorsed, Isaac Miller, Clyde, N. Y.   Isaac Miller, V. P.)

Moore v. Miller.

No. —                                    CLYDE, N. Y., *Dec.* 2, 1868.

First National Bank of Clyde, pay to Levi Moore, or order, three thousand dollars.

{ U. S. Int. Rev. Stamp. }                    ISAAC MILLER.
{ 2 cents. Canceled. }

$3,000.00.

There was no evidence of knowledge on the part of the defendant, The Metropolitan National Bank, of the terms of the agreement between plaintiff and Miller, other than such as appeared in the transfer upon the certificate.

The counsel for the said bank then moved the court to dismiss the complaint as against it on the ground, among others, that the plaintiff had proved no cause of action against the bank, and that upon the plaintiff's proof the bank was *prima facie* a *bona fide* purchaser for value of the certificates from Miller.

This motion was granted, and the plaintiff excepted and appealed from the judgment entered thereon. The jury found upon all the issues in the case, against the defendant Miller, and rendered a verdict against him for $12,160.56.

*L. Tremain,* for the plaintiff.

*Wm. G. Choate,* for the defendant, The Metropolitan National Bank.

Present—MILLER, P. J.; P. POTTER and PARKER, JJ.

P. POTTER, J. Since the recent decision in the Court of Appeals, of the greatly mooted question that arose in *McNeil* v. *The Tenth National Bank,*[*] it seems to me that we can hardly regard the question arising in this case as an open one. It is claimed that the whole certificate was not transferred, but only $10,000 of it; but the obligations given by Miller in payment clearly imply an entire purchase, and the plaintiff in his evidence shows nothing to the contrary.

We have been furnished the manuscript of the opinion delivered in that case, and I am unable to distinguish the question

See 46 N. Y., 325.

Moore *v.* Miller.

to be decided in the case at bar from the principle settled in *McNeil* v. *The Tenth National Bank.* We may assume that the plaintiff has been greatly defrauded by Miller; in fact, that, by false and fraudulent representations and pretences, Miller obtained from him the possession of the certificate in question; and that, by his (Miller's) agreement, he was to return the certificate to the plaintiff if he did not get it cashed within three weeks, and that, by the secret understanding between the plaintiff and Miller, the certificate was not *absolutely* assigned to Miller, though it was absolute in form; and further, that Miller did *not*, in fact, negotiate the certificate within three weeks, according to that agreement; for, so·the jury have found. Nay, further, we may assume that by reason of Miller's fraudulent acts he got possession of this certificate, and that plaintiff was entirely innocent in the transaction, and, by reason of Miller's insolvency, unless he recovers in this action, he will lose his demand of $10,000. The plaintiff does not claim to make his case stronger than this. But we must also assume, from the evidence in the case, *prima facie*, that the bank, in their negotiation with Miller, acted in like good faith, and with like integrity and innocence, and that if the plaintiff recover against them, they would suffer in like amount by the fraud of Miller. It would then be a contest between two innocent parties, in which one must of necessity suffer. It then becomes a question of law, which of these two innocent parties must bear the loss. Is it he who puts in motion the instrumentality, the apparent agency which occasions the loss, or he who with confidence advances his means, relying upon the integrity of the transaction, and makes the advance upon the faith of it? By well-established rules of law, clearly the latter. Nor is this inconsistent with that other and well-conceded rule, that in regard to the title of property, other than negotiable commercial paper, the grantee obtains no better title than his grantor had, as was held in *Ballard* v. *Burchard* (40 N. Y., 314.) The case before us is an exception to, or rather, perhaps, is distinguishable from that case, by an additional fea-

ture connected with it. In the case before us, the plaintiff, as grantor, executed to Miller, one of the defendants, a conveyance, by an instrument in writing, under his own hand, purporting to be for a valuable consideration, the certificate in question; thus, apparently, conveying away from himself all title thereto. This conveyance, in legal effect, clothed Miller with the apparent power of absolute alienation; and under this apparent power, Miller, with like apparent consideration, conveyed the said certificate to the defendant, The Metropolitan National Bank, parties who were innocent strangers to the secret understanding between the plaintiff and Miller. As it turns out, this certificate was obtained from the plaintiff by a gross fraud and false representations on the part of Miller as to his solvency. There was also a secret understanding between Miller and the plaintiff, that the sale was conditional, and not absolute. True, as between the plaintiff and Miller, the certificate so obtained, while it remained between them, carried no title to Miller, because the fraud which avoided the contract could be given in evidence, notwithstanding the absolute nature of the transfer upon its face; but when the plaintiff, by his own voluntary act, clothed Miller with the solemn evidences of title, the absolute power of sale and all the *indicia* of ownership, including the possession, for the very purpose of allowing him to make a transfer of this certificate, he also thereby authorized, if he did not invite, the bank, and all other persons who chose to put confidence in this instrumentality or agency, to make the purchase. (*Pickering* v. *Bush*, 15 East. R., 41, 42, &c.) And, if made in good faith, the title so obtained is preferred, in law, to the title claimed through the secret understanding between the plaintiff and Miller. (*Saltus* v. *Everett*, 20 Wend., 267, 268; *Mowry* v. *Walsh*, 8 Cow., 238; *Root* v. *French*, 13 Wend., 570.) But further discussion of this question is unnecessary, as I think. The case of *McNeil* v. *Tenth National Bank* (*supra*), in the Court of Appeals, has reconciled what had been before regarded as a different doctrine in other reported cases, especially that in *Ballard* v. *Burgett*, and overrules the same case of *McNeil*

v. *Tenth National Bank*, reported in 55 Barb., 59. Controlled by the decision of the last entitled case, in the Court of Appeals, and adopting the distinctions so ably and clearly presented therein between that and the cases supposed to have been in conflict, I am clear that the judgment is right, and should be affirmed, with costs.

Judgment affirmed.